8465

BRYAN v. AUDITING BOARD OF WILLIAMSBURG COUNTY.

MANDAMUS—OFFICERS.—A STATE CONSTABLE is not entitled to a writ of mandamus to require the auditing board of a county to audit his claim for salary and expenses for services rendered after the general proclamation of the Governor of January 21, 1911, revoking the commissions of all State constables then of force.

Before WILSON, J., Williamsburg, June, 1912.  Affirmed.

Petition by John T. Bryan for writ of mandamus against J. N. Hammett, J. J. B. Montgomery and P. M. Brockington, as the auditing board of Williamsburg county.  The petition is:

"The petition of John T. Bryan, the relator, respectfully shows to your Honor:

1. "That at the times hereinafter mentioned your petitioner was, and now is, a resident and citizen of the county of Williamsburg and State aforesaid.

2. "That J. N. Hammett, J. J. B. Montgomery and P. M. Brockington at the times hereinafter mentioned did, and now do, constitute the auditing board of the said county.

3. "That under and by virtue of an act of the General Assembly of the State of South Carolina, entitled 'An act to provide for constables in Chester and Williamsburg counties for the purpose of enforcing the law, and especially the law prohibiting the sale of alcoholic liquors, and prescribing their duties,' approved the 26th day of February, 1910, your petitioner was appointed special constable in and for the county of Williamsburg, and on or about the first day of July, 1910, received his commission and entered upon the discharge of his duties as such.

4. "That, after the 16th day of January, 1911, although your petitioner faithfully and diligently discharged the duties of his office, without having been removed therefrom, or deprived of the benefit thereof, the said auditing board, without just cause or reason, failed, declined and refused to audit and approve the claims of your petitioner against the said county for his salary for such services rendered by him as special constable, as provided by said act.

5. "That your petitioner has filed with the said auditing board his three claims for the said services as constable for Williamsburg county, to wit: One for part of the month of January, 1911, amounting to the sum of fifty-four and 90-100 ($54.90) dollars; one for the month of February, 1911, amounting to the sum of eighty-eight and 85-100 ($88.85) dollars, and one for part of the month of March, 1911, amounting to the sum of forty-five and 30-100 ($45.30) dollars, aggregating in all the sum of one hundred and eighty-nine and 05-100 ($189.05) dollars—all of which will more fully appear by reference to copies thereof hereto attached and made a part hereof, to which reference is craved as often as may be necessary—and that, although the said claims have long since been filed with the said auditing board, and although your petitioner has repeatedly requested

and urged the said board to audit and approve the same, they refused, and still refuse, to do so.

6. "That from the 16th day of January, 1911, to the 15th day of March, 1911, your petitioner, in good faith, assiduously performed the duties of his office, and thereby rendered valuable service to the county of Williamsburg and the State of South Carolina, and that he is now justly due from the county of Williamsburg the sum of one hundred eighty-nine and 05-100 ($189.05) dollars, for and upon the claims above mentioned, of which he is unlawfully deprived by reason of the failure and refusal of the said auditing board to audit and approve the same.

7. "That your petitioner has, other than this, no remedy to enforce the payment of the said sum.

"Wherefore, your petitioner prays that the said J. N. Hammett, J. J. B. Montgomery and P. M. Brockington, auditing board as aforesaid, be required to show cause before your Honor, at chambers at Kingstree, why they should not be ordered to audit and approve the claims of the relator, herein set forth."

### RETURN.

"And now come J. N. Hammett, J. J. B. Montgomery and P. M. Brockington, constituting the auditing board of Williamsburg county, and, answering the petition of John T. Bryan, in the above entitled matter, and responding to the rule issued herein by his Honor, Judge John S. Wilson, on the 30th day of May, 1912, requiring them to show cause why they should not audit and approve the claims referred to in said petition, for cause showeth:

I. "That they are now, and were at the times the claims referred to in the petition were filed with them, without authority and jurisdiction to audit and approve said claims, for the reason that they are not properly verified by affi-davit as required by section 806, Code of Laws, 1902, vol-

ume I, in that the affidavit appended to the respective claims do not state that the labor, fees, disbursements and services charged in said claims had been in fact done, made, rendered and are due.

"Further responding to said rule to show cause, and by way of further return thereto, these respondents submit:

I. "That this Court is without jurisdiction to order and require them, as the auditing board of Williamsburg county, to approve either of the claims attached to the petition in the above matter so far as the respective expense accounts are concerned, as these respondents act judicially under the law in auditing expense accounts, and not ministerially, and they submit that the wisdom of this law can be seen by a comparison of the expense accounts of the said petition as attached to said petition.

"Further responding to the said rule to show cause, and by way of further return thereto, these respondents submit:

I. "That on or about the 21st day of January, 1911, his Excellency, Cole. L. Blease, Governor of South Carolina, issued his proclamation wherein and whereby he declared: 'That every commission as State constable or State detective or county constable or county detective heretofore issued under the act known as the dispensary act, and all acts amendatory thereto, *or by any other authority of law,* shall expire on the 23d day of January, 1911, and such commissions are hereby declared null and void, and all authority carried by them is hereby revoked from that date,' a copy of which said proclamation is hereto attached, and hereby made a part and parcel of this return.

II. "That at the time said proclamation was issued, the petitioner, John T. Bryan, had and held a commission as constable of Williamsburg county, under the provisions of the act of the legislature, referred to in paragraph III of the petition, upon which the rule to show cause in this matter was issued, but these respondents allege that said com-

mission was revoked by said proclamation and they allege, further, that the said petitioner openly and publicly admitted to them and others that his commission was revoked by said proclamation, and that by virtue thereof he was discharged from office, and they further allege that he did not thereafter perform any services for the county of Williamsburg under said commission.

III. "That respondents are informed and believe that after the commission of the petitioner had been revoked, as hereinbefore stated, the said petitioner went to Columbia, S. C., for the purpose of perfecting some arrangement with the legislative delegation of Williamsburg county, and with the Governor of the State, whereby he might be continued in the office from which he had been removed, and whereby he might continue to draw his salary and expenses as constable of Williamsburg county, but they allege, on information and belief, that no such arrangements were ever perfected, and that said petitioner was never reappointed to the office of constable of Williamsburg county, under the act of the legislature of South Carolina, hereinbefore referred to.

IV. "That on or about the 7th day of March, 1911, the petitioner herein filed with the respondents a claim for his services as special constable for the month of January, 1911, amounting to eighty ($80) dollars, and at the same time filed with them his expense account for the same month, amounting to the sum of twenty-four and 15-100 ($24.15) dollars, both of which claims are hereto attached and made part and parcel of this return; that at the time said claims were filed with respondents, they informed the petitioner, John T. Bryan, that his claims could not be approved, either for salary or expenses, for any time subsequent to his removal from office; that said petitioner agreed to this, and said claims were thereupon audited and approved by respondents, as follows:

Salary to January 16, 1911.....................$42.50
Expenses to January 16, 1911....................  12.55

    Total .............................$55.15

"That at the time said claims were filed with respondents, the petitioner, John T. Bryan, and respondents were under the impression that the proclamation of the Governor removing petitioner from office was issued and went into effect on the 16th day of January, 1911, instead of the 23d day of January, 1911, as hereinbefore stated, and said claims were accordingly approved with the full knowledge, consent and acquiescence of the petitioner for salary and expenses up to and including January 16, 1911, only; that said petitioner accepted the amount for which said claims were approved as a full and complete settlement of any and all claims he had against the county of Williamsburg on account of salary and expenses for services rendered as constable of said county, and assigned said claim to J. W. Coward, after it had been approved as aforesaid, who collected it from the treasurer of Williamsburg county, as may be seen by reference to the file of the office of the said treasurer.

V. "That at the same time, the petitioner herein filed with respondents the claims referred to in the preceding paragraph of the return, he also left with them a claim for salary and expenses for the month of February, 1911, but respondents declined to act upon or entertain said claim in any way, for the same reason they declined to audit and approve the January claim for salary and expenses after the 16th day of January, 1911, and respondents aver that this was with the full knowledge, consent, acquiescence and approval of the petitioner, John T. Bryan, and they exhibit herewith the said original claim for the information of the Court.

VI. "That on or about the 3d day of April, 1911, the petitioner, the said John T. Bryan, left with respondents his claim for salary and expenses from the 1st day of March, 1911, to the 16th day of March, 1911, and, at the same

time, left with them another claim for salary and expenses from the 16th day of January, 1911, to the 31st day of January, 1911, both inclusive, copies of both of which said claims are attached to the petition herein; that at the time said claims were left with respondents, the said John T. Bryan did not ask the payment thereof under authority of his commission as constable of Williamsburg county, which had been revoked by the Governor, as hereinbefore stated, but stated that some arrangements would be made by the legislative delegation of Williamsburg county and the Governor of the State, whereby he would be reappointed, after which said claims could be audited and approved, along with his claim for salary and expenses for the month of February, 1911, by respondents, and respondents aver that no such arrangement has ever been made, and that they are without warrant or authority of law to audit and approve either of said claims.

VII. "Respondents deny that the petitioner has repeatedly requested them to audit and approve the claims attached to the petition herein, and they allege, on the contrary, that they originally advised the said petitioner that they had no authority to approve said claims, and that it would be necessary to get a special act of the legislature passed, empowering them to do so, before said claims could be paid, and the first intimation that these respondents had, after said claims were filed with them, that the petitioner was basing his right to the payment of said claims upon his original appointment as constable of Wiliamsburg county was just a few days before the filing of this proceeding, when they were so informed by one of the attorneys for said petitioner.

VIII. "Respondents deny the truth of the allegations contained in paragraphs IV and VI of the petition attached to the rule to show cause herein, and they also deny the truth of each and every allegation contained in said petition which has not been hereinbefore controverted, admitted or explained.

4—94

IX. "That, as part of this return, respondents submit herewith for the consideration of this Court the affidavit of George J. Graham, sheriff of Williamsburg county, and the affidavit of the Honorable E. C. Epps, Senator of Williamsburg county, said affidavit showing that said John T. Bryan was removed from the office of constable of Williamsburg county by the proclamation of the Governor, hereinbefore referred to, and that he acquiesced therein.

"Having fully answered the petition and the rule to show cause herein, these respondents submit that the said rule to show cause should be dismissed with costs."

Relator appeals.

*Messrs. Kelly & Hinds,* for appellant, cite: *Claims were properly verified:* 13 S. C. 266. *The auditing board has jurisdiction to approve the claim:* 16 S. C. 244. *Appellant could not be removed by general proclamation:* 89 S. C. 114; 78 S. C. 177; 97 N. W. 887; 15 L. R. A. 95; 8 Ency. 1403; 19 Ency. 562; 111 Ind. 101; 76 Col. 753; 29 Cyc. 1408, 1410; 126 N. Y. 180; 59 N. Y. 166; 82 N. Y. 491; 32 N. Y. S. R. 1116; 3 N. Y. Supp. 522; 4 Sandf. 109; 20 Wend. 595; 5 Barb. 43; 13 Pet. 230; 39 Ark. 211; 15 Ill. 110; 44 Miss. 353; 6 Caldw. 486; 100 Pa. 222; 54 Pa. 233; 24 Tex. 253; 1 Bay. 356; 2 Bay. 105; 43 S. C. 161; 36 Mich. 416; 177 U. S. 293; 1 S. C. 465; 1 McC. 239; 14 S. C. 378; 19 Ency. 391, 392, 562; 92 S. C. 458, 469. *Declarations and acts of appellant do not amount to estoppel:* 42 S. C. 350; 26 S. C. 186; 68 S. C. 34; 13 S. C. 369; 40 Cyc. 252, 259, 263; 28 Ency. 526; 15 Gray 231; 98 U. S. 582; 9 A. S. R. 574; 50 S. A. R. 831; 76 Va. 307; 47 L. R. A. 454; 15 N. W. 465; 13 S. C. 90; 43 L. R. A. 809; 105 U. S. 363; 40 S. C. 261; 18 L. R. A. 479; 47 S. C. 57. *As to acquiesence:* 40 Cyc. 258; 28 Ency. 529; 82 N. Y. 325. *Resignation:* 8 S. C. 520; 139 A. S. R. 359; 3 Nev. 566; 49 Ala. 402. *Appellant did not abandon his office:* 1 Cyc. 5; 135 A. S. R. 890; 28 S. W. 688; 120 S. W. 439; 113 A. S. R. 515.

*Mr. LeRoy Lee*, contra, cites: *Verifying claims:* 55 S. C.
383; 81 S. C. 430; 92 S. C. 329, 335; 90 S. C. 180; 24 S. C.
543. *As to removal of appellant:* 78 S. C. 177; 92 S. C.
458. *Appellant having accepted removal, he is bound by it:*
8 S. C. 495, 408; 113 Am. St. R. 512.


March 17, 1913. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE GARY. This is an application for a
writ of mandamus, requiring the respondents to audit and
approve certain claims of the relator mentioned in his peti-
tion, which will be incorporated in the report of the case.

His Honor, Judge John S. Wilson, issued a rule requiring
the respondents to show cause, why the prayer of the peti-
tion should not be granted; and upon hearing the return,
adjudged that it was sufficient, and dismissed the petition.
The said return will also be reported.

This appeal is from the order of his Honor, Judge Wil-
son, dismissing the petition.

The only reply which the petitioner made to the return,
was the introduction of an affidavit by George J. Graham,
containing the following statement: "That on the 26th day
of February, 1910, he was at all times thereafter, has been,
and now is sheriff of Williamsburg county; that he knows
John T. Bryan, and that deponent has at no time and in no
manner, requested Governor Cole. L. Blease to remove the
said John T. Bryan, from the office of constable for Wil-
liamsburg county, but considered that he was removed by
the proclamation of the Governor."

The return was not otherwise traversed, and the other
facts therein alleged must, therefore, be considered as
admitted by the relator, and they clearly show, that the peti-
tion was properly dismissed.

Judgment affirmed.